# OFFICE OF THE ESSEX COUNTY PROSECUTOR

## THEODORE N. STEPHENS, II
### ACTING ESSEX COUNTY PROSECUTOR
ESSEX COUNTY VETERANS COURTHOUSE, NEWARK, NEW JERSEY 07102
Tel: (973) 621-4700     Fax: (973) 621-5697

**ROMESH C. SUKHDEO**
ACTING FIRST ASSISTANT PROSECUTOR



**MITCHELL G. McGUIRE III**
ACTING CHIEF OF DETECTIVES

May 17, 2023

Hon. Claire C. Cecchi, U.S.D.J.
MLK Jr. Fed. Bldg. & Courthouse
50 Walnut Street
Newark, NJ  07102

      Re:    Mitchell v. State of New Jersey, et al.
              Civil No. 22-6884 (CCC)

<u>Letter-Brief in Support of Respondents' Motion to Dismiss Petitioner's Petition for a Writ of Habeas Corpus as Untimely</u>

Dear Judge Cecchi:

     Please accept this letter-brief on behalf of the Respondents, State of New Jersey and the New Jersey Attorney General, in support of their motion to dismiss the Petitioner's Petition for a Writ of Habeas Corpus as untimely.  The Petitioner's habeas petition should be dismissed because it was filed over 21 years too late.  In addition, an answer on the merits is unnecessary because the claims raised in the Petitioner's habeas petition are unexhausted, barred by the doctrine of procedural default and fail to raise a constitutional issue.

Table of Contents

Page Nos.

Statement of Procedural History and Facts............................................... 2

Legal Argument

Point I

The Petitioner's Habeas Petition was not Filed Within the One-Year
Time Limitation of 28 U.S.C. § 2244(d)(1)(A), and an Answer
to the Merits of the Petition is Unnecessary. Therefore, the
Petition Should be Dismissed................................................................. 2

Conclusion............................................................................................. 7

Statement of Procedural History and Facts

The Respondents respectfully refer this Court to the accompanying certification and exhibits for the Statement of Procedural History and Facts.

Legal Argument

Point I

The Petitioner's Habeas Petition was not Filed
Within the One-Year Time Limitation of
28 U.S.C. § 2244(d)(1)(A), and an Answer to the Merits of the
Petition is Unnecessary.  Therefore, the Petition Should
be Dismissed.

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  For

purposes of the Petitioner's application, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  A state court's criminal judgment becomes "final" within the meaning of this statute by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.  "If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."  Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).

    The statute of limitations under section 2244(d) is, however, subject to tolling.  Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't. of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).  Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

    The question is whether the gaps in time between the conclusion of the time for direct appeal and all other filings for collateral relief totaled more or less than one year in this case.  28 U.S.C. § 2244(d)(1).  Statutory tolling occurs during the

time a "properly filed" application for state post-conviction relief is "pending" in the state court. 28 U.S.C. § 2244(d)(2).  However, tolling only pauses the one-year time period; it does not reset or restart anew when the tolling event is concluded. Johnson v. Hendricks, 314 F.3d 159, 161-62 (3d Cir. 2000).

To be "properly filed" as within time or "timely" within the meaning of the AEDPA will normally require the federal court to rely upon the state court's determination.  The Supreme Court stated, "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  Artuz v. Bennett, 531 U.S. 4, 8 (2000).

In the present case, the Petitioner's habeas petition was filed well beyond the one-year time limitation of 28 U.S.C. § 2244(d), over 21 years too late.  The time gap between the conclusion of the Petitioner's direct appeal (December 8, 1997, the date on which the New Jersey Supreme Court denied certification, plus 90 days) and the filing of his first PCR petition (October 4, 2018) is 20 years, 9 months, and 26 days.[1]  (Rosano certif., paras. 7 & 8, Exhibits 5 & 6).  The time gap between the conclusion of the Petitioner's appeal from the denial of his PCR petition (October 21, 2022, the date on which the New Jersey Supreme Court denied certification) and the filing of his habeas petition (March 7, 2023) is 4 months, and 14 days.  (Rosano certif., para. 12, Exhibit 10; ECF Doc. 6).  The total

---

[1] The direct appeal includes 90 days for the filing of a petition for certiorari. See Clay v. United States, 537 U.S. 522, 524-525 (2003).

4

time is over 21 years and is well beyond the one-year time limitation of the statute. For this reason, the Petitioner's habeas petition should be dismissed as untimely.

In addition, an answer to the merits of the petition is unnecessary because the Petitioner's claims in Ground One of his petition are unexhausted and procedurally defaulted. (ECF Doc. 6, p. 6). The Petitioner argues that his trial counsel was ineffective for failing to hire an expert to evaluate his state of mind in 1993, but he did not raise this claim on PCR or on appeal from the order denying PCR. (See Rosano certif., paras. 8, 10 & 11, Exhibits 6, 8 & 9).

Also, in Ground One, the Petitioner asserts that his PCR counsel should have called an expert as to his state of mind during the PCR proceeding in 2019. (ECF Doc. 6, p. 6). The Petitioner claimed on PCR that his mental health issues prevented him from filing a timely PCR petition. (Rosano certif., para. 10, Exhibit 8, pp. 4-6). The PCR court found that the Petitioner's PCR petition was time barred by N.J.Ct.R. 3:22-12(a)(1) because it was filed 26 years after the entry of his judgment of conviction – well beyond the five-year time limitation of the state post-conviction rule – and the Petitioner failed to establish excusable neglect for the delay with documentation supporting his mental health allegations. In addition, the court found the State would be severely prejudiced at this late date. (Ibid.). Because the Petitioner defaulted on this claim in the state court, he is not entitled to habeas relief. It is well settled that a state prisoner may not receive federal habeas relief if his constitutional claim has been barred in the state courts on a procedural

5

ground. Coleman v. Thompson, 501 U.S. 722, 729 (1991); Harris v. Reed, 489 U.S. 255, 262 (1989).

The Petitioner raises a claim about the legality of his sentence in Ground Two. (ECF Doc. 6, p. 8). This is an alleged state law error and does not establish grounds for habeas relief. Matters of procedure and sentencing are generally matters of state law and do not justify habeas relief. Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 43 (3d Cir. 1984); Ervin v. Beyer, 716 F.Supp. 163, 165 (D.N.J. 1989). "[F]ederal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-8 (1991). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Ibid. A writ of habeas corpus can be granted only on the ground that petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a).

While it is true that a petitioner's pro se petition must be read liberally, the Petitioner in this case has not presented any sound constitutional basis for the granting of habeas relief in his petition. Arroyo-Angulo v. United States, 961 F.Supp. 698, 700 (D.N.J. 1997), aff'd, 166 F. 3d 1204 (3d Cir. 1998). Petitioner has failed to allege any facts showing the genuine possibility of constitutional

error. O'Bremski v. Maass, 915 F. 2d 418, 420 (9th Cir. 1990) (citing Blackledge v. Allison, 431 U.S. 63, 75, n. 7 (1977)).

## Conclusion

For the foregoing reasons, the Respondents respectfully ask this Court to dismiss the Petitioner's habeas petition as untimely under 28 U.S.C. § 2244(d)(1)(A), and because an answer to the merits of the petition is unnecessary.

Respectfully submitted,

Theodore N. Stephens II
Acting Essex County Prosecutor
Attorney for Respondents

s/ Lucille M. Rosano

Lucille M. Rosano
Special Deputy Attorney General/
Acting Assistant Prosecutor

c:   Terrance Mitchell, pro se litigant

7