UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TERRANCE MITCHELL,  :
                    :
            Petitioner,  :      Civ. No. 22-6884 (CCC)
                    :
    v.              :
                    :      **OPINION**
STATE OF NEW JERSEY, et al.,  :
                    :
            Respondents.  :
                    :

**CLAIRE C. CECCHI, U.S.D.J.**

**I.    INTRODUCTION**

*Pro se* petitioner Terrance Mitchell ("Mitchell"), a state prisoner at East Jersey State Prison in Rahway, New Jersey, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 6. The State moves to dismiss the petition as untimely. ECF No. 10. As explained below, because Mitchell filed his petition nearly 25 years beyond the statute of limitations period, the motion will be granted, the petition will be dismissed, and no certificate of appealability shall issue.

**II.   BACKGROUND**

In affirming the post-conviction relief ("PCR") court's denial of Mitchell's PCR petition, the Superior Court of New Jersey, Appellate Division, summarized the procedural history of Mitchell's underlying criminal case as follows:

> Following a jury trial in 1993, defendant was convicted of multiple crimes charged in an Essex County indictment, including murder, felony murder, robbery, and weapons offenses for bludgeoning to death a stranger in her car near defendant's East Orange home. The State's proofs at trial included defendant's post-arrest statement to police, explaining the victim had approached him, looking to purchase drugs. Defendant detailed the manner in which he killed the victim, including her fruitless struggle to escape his clutches. He also confessed to his girlfriend and her

stepbrother, who both testified on behalf of the State at trial. Defendant was eighteen years old at the time of the incident.

Defendant was sentenced in December 1993 to an aggregate term of life imprisonment with a forty-year parole disqualifier. We affirmed defendant's convictions and sentence, *State v. Mitchell*, No. A-1052-94 (App. Div. June 5, 1997), and the Supreme Court denied certification, No. 44,371 (Sept. 8, 1997).

Nearly twenty-five years after the judgment of conviction (JOC) was entered, defendant filed a petition for PCR, asserting trial counsel was ineffective for failing to: (1) permit defendant to testify on his own behalf at the pretrial *Miranda*[1] hearing; and (2) secure a plea agreement to an aggregated thirty-year prison term with a fifteen-year parole disqualifier. Acknowledging his petition was untimely, defendant generally claimed "various" mental health issues and loss of legal documents while incarcerated excused his two-decade delay in filing for PCR. Thereafter assigned counsel filed a supplemental submission, expounding upon defendant's assertions. No documents or transcripts were appended to defendant's petition.

Following argument, Judge James W. Donohue reserved decision. Shortly thereafter on October 8, 2019, the judge issued a cogent written opinion, denying PCR as time barred and otherwise lacking in merit. Judge Donohue squarely addressed the issues raised in view of the requirements set forth in Rule 3:22-12(a)(1)(A) (prohibiting the filing of a PCR petition five years after entry of the JOC unless the defendant demonstrates "excusable neglect" and "a reasonable probability that if the defendant's factual assertions were found to be true[,] enforcement of the time bar would result in a fundamental injustice").

Because defendant failed to "provide any documentation in support of his assertions" regarding his "mental health concerns and location transfers," the judge found defendant failed to establish excusable neglect for the lengthy delay in filing for PCR. The judge further found "the State would be severely prejudiced by being required to recall witnesses to testify as to matters that took place over two decades ago." *See State v. Mitchell*, 126 N.J. 565, 580 (1992) ("The court should consider the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an 'injustice' sufficient to relax the time limits."); *see also State v. Afanador*, 151 N.J. 41, 52 (1997).

*State v. Mitchell*, No. A-4278-19, 2022 WL 710460, at *1 (N.J. Super. Ct. App. Div. Mar. 10, 2022). The Appellate Division affirmed "substantially for the reasons articulated by Judge

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Donohue in his well-reasoned decision." *Id.* at *2. The New Jersey Supreme Court denied certification on October 21, 2022. 252 N.J. 165 (2022).

Mitchell filed his initial habeas petition in November 2022, but it was not on the proper form. ECF No. 1. The Court directed the Clerk to provide Mitchell with the necessary form (ECF No. 5) and, in March 2023, Mitchell filed the operative petition. ECF No. 6. He asserts two grounds for relief: (1) ineffective assistance of trial and PCR counsel for "fail[ing] to provide an expert to evaluate and give an opinion about [his] state of mind [in] 1993 and again in 2019 during PCR proceedings" (*id.* at 8); and (2) the trial court's imposition of "consecutive sentences as well as the maximum sentences" (*id.* at 10). Mitchell asserts "[t]his was not a case of a defendant who was not guilty. This was a case of a defendant's mental capacity at the time of the offense . . . ." *Id.* at 19 (capitalization omitted). He asserts that he did not file his petition sooner because "[i]t wasn't until 2018 that [he] gained the understanding and ability to personally participate in challenging [his] conviction." *Id.* at 8.

In April 2023, the Court ordered the State to either answer or move to dismiss the petition. ECF No. 7. In May 2023, the State moved to dismiss, arguing that the petition is untimely because it was filed more than 21 years beyond the one-year time limitation of 28 U.S.C. § 2244(d). ECF No. 10-2 at 2–5. Mitchell responded that same month (ECF No. 11), arguing that his "mental instability" prevented him from timely filing his petition. *Id.* at 1. The State did not reply. The State's motion is therefore fully briefed and ready for decision.

### III.  DISCUSSION

    **A.  The Petition Is Untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")**

3

A petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is subject to a one-year statute of limitations, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" includes the 90-day period in which a petitioner could have but did not file a petition for certiorari with the Supreme Court. *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013); *see also* 28 U.S.C. § 2244(d)(1)(A).

The limitations period is tolled during the pendency of a "properly filed" application for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003) ("[T]o fall within the AEDPA tolling provision, the petition for state post-conviction review must have been both pending and 'properly filed.'") (citation omitted). A PCR application dismissed by the state courts as untimely is not "properly filed" and, therefore, it cannot be "pending" during the period when the state courts address and dismiss it. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

The New Jersey Supreme Court denied Mitchell's petition for certification on September 8, 1997. *State v. Mitchell*, No. A-4278-19, 2022 WL 710460, at *1. Mitchell's petition for writ of certiorari with the Supreme Court was due 90 days later, on December 7, 1997, and his writ of

habeas corpus was thus due one year later, on December 7, 1998. Mitchell did not file his petition, however, until November 29, 2022, nearly 25 years too late. As the Appellate Division and New Jersey Supreme Court affirmed the PCR court's finding of untimeliness, statutory tolling does not lessen this time. *Mitchell*, 2022 WL 710460, at *2, *cert. denied* 252 N.J. 165; *see also Pace*, 544 U.S. at 417 ("[W]e hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."). Therefore, absent some basis for equitable tolling of the limitations period, Mitchell's petition is time-barred. The Court addresses equitable tolling below.

### B. Equitable Tolling

Mitchell contends that his "mental instability is the reason [he] filed [his] first [PCR] 26 years after the entry of [his] judgment of conviction." ECF No. 11 at 1. He explains:

> In 1993 during my sentencing the judge made note of my serious health condition and it was that health condition that produced my mental instability and prevented me from being able to challenge my conviction. [I] came into the adult prison system in 1993 diagnosed with [human immunodeficiency virus ("HIV").]
>
> In 2018 my health rapidly deteriorated and [I] nearly died of untreated H.I.V. that progressed to [acquired immunodeficiency syndrome ("AIDS")]. I was neglected for 25 years and left untreated by the department of corrections medical services. In [J]une of 2018 the system started treating my serious medical condition[] and shortly thereafter the mental depression and fear of an unknown life expectancy was lifted and [I] was able to gain the ability under treatment to challenge my conviction and approximately 4 months after medical treatment started [I] filed my first PCR[.]

ECF No. 11 at 5; *see also id.* at 8 ("I believe that the status of my health and the circumstances surrounding it is applicable enough to meet the burden of my contention for excusable neglect. No one can live with the trauma of having a deadly disease that is not being treated and mentally function properly. . . . After the treatment started is when I gained the ability and mental clarity enough to start pursuing my appeals.").

5

Mitchell supports his claim of deteriorated health and mental instability with two lab reports, from 2018 and 2019, one of which indicates that Mitchell may be HIV positive. ECF No. 11-2 at 2 (Jan. 7, 2019 lab report: "The repeatedly reactive screening assay result is confirmed by duplicate repeat testing, and indicates a POSSIBLE presence of HIV-1 p24 antigen. Additional testing is required for diagnosis.") (capitalization in original). He provides no additional medical records.

1. **Applicable Law**

Although the limitations period is subject to equitable tolling, the Third Circuit has held that "courts should be sparing in their use of the doctrine" and limit its application only to the "rare situation where [it] is demanded by sound legal principles as well as the interests of justice." *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005) (internal citations omitted). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418; *see also Jenkins*, 705 F.3d at 89.

As to the diligence element, the Third Circuit has required a showing of "reasonable diligence, not maximum, extreme, or exceptional diligence." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013). "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava*, 398 F.3d at 277. "A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must be considered in light of the particular circumstances of the case. The fact that a petitioner is proceeding *pro se* does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Ross*, 712 F.3d at 799–800 (internal citations omitted).

Extraordinary circumstances may be found where the petitioner: (1) has been actively misled, (2) has in some extraordinary way been prevented from asserting his rights, or (3) has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (citation omitted). The requisite degree of extraordinariness turns on "how severe an obstacle it is for the prisoner endeavoring to comply with the AEDPA's limitations period." *Pabon v. Mahanoy*, 654 F.3d 385, 400 (3d Cir. 2011) (citing *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008)). "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Id.* (citations omitted); *see also Chang-Cruz v. Hendricks*, No. 12-7167, 2013 WL 5966420, at *7–8 (D.N.J. Nov. 7, 2013) (petitioner's lack of legal knowledge, "at least standing alone, cannot support equitable tolling of the AEDPA statute of limitations").

"[F]or a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Ross*, 712 F.3d at 803. "To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline." *Id.* at 803 n.29 (quoting *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011)). "The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Id.* (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

To that end, "mental incompetence is not a *per se* reason to toll a statute of limitations. Rather, the alleged mental incompetence must somehow have affected the petitioner's ability to

7

file a timely habeas petition." *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001), *overruled in part on other grounds by Carey v. Saffold*, 536 U.S. 214 (2002). "[A] mental condition that burdens but does not prevent a prisoner from filing a timely petition does not constitute 'extraordinary circumstances' justifying equitable tolling." *United States v. Harris*, 268 F. Supp. 2d 500, 506–07 (E.D. Pa. 2003) (holding that even though the petitioner presented evidence that her mental impairment burdened her, "there was no evidence that she was mentally incompetent in the sense that her personal circumstances prevented her from filing a timely petition"). Factors considered in determining whether a mental impairment warrants equitable tolling include:

> (1) [whether] the petitioner [was] adjudicated incompetent, and if so, when did the adjudication occur in relation to the habeas statutory period; (2) [whether] the petitioner [was] institutionalized for his mental impairment; (3) [whether] the petitioner handled or assisted in other legal matters which required action during the federal limitations period; and (4) [whether] the petitioner supported his allegations of impairment with extrinsic evidence such as evaluations and/or medication.

*Champney v. Sec'y Pa. Dep't of Corr.*, 469 F. App'x 113, 118 (3d Cir. 2012) (quoting *Passmore v. Pennsylvania*, No. 08-705, 2008 WL 2518108 at *3 (M.D. Pa. June 19, 2008)). Indeed, a mental impairment "even rising to the level of insanity" may not be enough to warrant equitable tolling. *Hedges v. United States*, 404 F.3d 744, 753 (3d Cir. 2005). Ultimately, the burden rests on the petitioner "to demonstrate a 'particularized description of how [his] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights' in order for equitable tolling for mental illness to apply." *Wilkins v. Lane*, No. 16-5845, 2017 WL 4400760, at *3 (E.D. Pa. Sept. 29, 2017) (quoting *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010)).

### 2. Analysis

Mitchell has not demonstrated extraordinary circumstances. Even accepting as true his assertion that during the 25-year period he seeks to toll he was infected with HIV,[2] and that at some point he developed AIDS, he does not provide evidence, whether via medical records or otherwise, that his condition prevented him from filing his habeas petition for 25 years. Evidence that a petitioner was suffering from a serious or even debilitating disease is not, without more, a sufficient basis upon which to find extraordinary circumstances; rather, a petitioner must go a step further and demonstrate that his medical condition rendered him unable to pursue his legal rights. Mitchell has not done that here. *See*, *e.g.*, *Adkins v. Warden*, 585 F. Supp. 2d 286, 302 (D. Conn. 2008) ("A petitioner's conclusory and vague claim, without a particular description of how petitioner's condition adversely affected his capacity to function generally or in relationship to the pursuit of his rights, is manifestly insufficient to justify any further inquiry into tolling.") (cleaned up); *Carter v. Phelps*, No. 07-386, 2008 WL 2844651, at *3 (D. Del. July 21, 2008) (no extraordinary circumstances where "petitioner only vaguely refers to having AIDS and does not show that this health problem rendered him unable to file a habeas petition or pursue his legal rights within the one-year limitation period"); *Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 163–64, 167–70 (S.D.N.Y. 2000) (petitioner's alleged physical and mental incapacity due to AIDS-related illnesses and hospitalizations "fail[s] to meet the high standard necessary to justify equitable tolling" because petitioner did not show that medical problems prevented him from pursuing his legal rights) (collecting cases).

Likewise, Mitchell's bare assertion that he suffered from mental instability and depression for the 25-year period during which he seeks equitable tolling is also insufficient. He does not

---

[2] This period is December 7, 1997, when his conviction became final, until November 29, 2022, when he filed his habeas petition.

9

assert that he has been adjudicated incompetent or institutionalized for his mental impairment, nor has he presented extrinsic evidence establishing he suffered from mental health issues or that his mental health rendered him unable to timely file his petition. *See Stern v. Sorber*, No. 22-1484, 2023 WL 4112230, at *3 (M.D. Pa. June 21, 2023) (no basis for equitable tolling where "Petitioner argues equitable tolling is warranted 'due to my mental health diagnosis that prevented me from timely filing this petition,'" yet he "fails to provide a diagnosis or medical records in support of his assertions"); *Brunson v. Att'y Gen. of N.J.*, No. 17-6310, 2021 WL 4623296, at *7 (D.N.J. Oct. 7, 2021) (no basis for equitable tolling where "Petitioner has not supplied any evidence of his mental state while incarcerated for the murder conviction and particularly during the more than ten-year period when he did not engage in any litigation challenging his murder conviction") (citation omitted); *Minor v. Johnson*, No. 17-3741, 2020 WL 2744587, at *3 (D.N.J. May 27, 2020) (no basis for equitable tolling where, "[a]lthough Plaintiff states summarily that he was 'unable to litigate this complaint' due to his 'mental health issues,' he does not state *how* his mental health condition prevented him from filing a timely complaint. . . . Additionally, Plaintiff has not provided any extrinsic evidence regarding his mental health condition. He provides only a bare allegation that his mental health affected his ability to litigate his case") (citations omitted; emphasis in original).[3] On this record, the Court cannot find that Mitchell's alleged mental

---

[3] *See also Schaffer v. Smith*, No. 21-1047, 2022 WL 987889, at *3 (M.D. Pa. Mar. 31, 2022) ("[T]he mere existence of mental illness does not entitle a petitioner to equitable tolling. Schaffer does [not] provide any argument or evidence for why his mental health diagnoses impaired his ability to timely seek collateral review.") (citation omitted); *Beyers v. Wetzel*, No. CV 21-3393, 2021 WL 6845436, at *4 (E.D. Pa. Dec. 29, 2021) ("Beyers does not submit any medical records demonstrating that she lacked the capacity to file a timely habeas petition. The mere fact that she received psychiatric care during her incarceration does not in and of itself show that she was unable to file her petition at any point in the last decade."), *report and recommendation adopted*, 2022 WL 394754 (E.D. Pa. Feb. 8, 2022); *Escobar v. May*, No. CV 18-1933-RGA, 2021 WL 797876, at *4 (D. Del. Mar. 2, 2021) ("The Court concludes that equitable tolling on this ground is not warranted because Petitioner's cursory and unsupported assertion of mental health/competency issues offers nothing on [*Champney*] factors (1), (2), and (4) and therefore does not satisfy these requirements."); *Cooper v. Wetzel*, No. 19-5604, 2020 WL 1068366, at *3 (E.D. Pa. Jan. 31, 2020) ("Cooper does not allege nor show that he has ever been adjudicated incompetent or hospitalized for

impairment amounts to extraordinary circumstances that prevented him from timely filing his petition.

As to Mitchell's engagement with other legal matters, Mitchell appears to have effectively handled filing his PCR petition four years prior to filing his habeas petition. Thus, even assuming that extraordinary circumstances existed during the nearly 21 years between when Mitchell's conviction was final (in December 1997) and when Mitchell filed his PCR petition (in October 2018, *see* ECF No. 10-1 at 29)—a contention for which Mitchell has provided no support—equitable tolling was not applicable thereafter because the alleged extraordinary circumstances were no longer present. That is, Mitchell had already "gain[ed] the ability . . . to challenge [his] conviction." ECF No. 11 at 5 ("In [J]une of 2018[,] the system started treating my serious medical condition[] and shortly thereafter the mental depression and fear of an unknown life expectancy was lifted and [I] was able to gain the ability under treatment to challenge my conviction and approximately 4 months after medical treatment started [I] filed my first PCR[.]"); *see also id.* at 8 ("After the treatment started is when I gained the ability and mental clarity enough to start pursuing my appeals."). However, he let another 4 years pass before he filed his habeas petition.

---

his alleged mental impairments. Cooper also fails to present any evidence, such as medical evaluations, hospital records, and medication prescriptions, to support his allegations of mental incompetency. Cooper has failed to show his alleged mental impairment impeded him from filing his habeas petition within the limitations period."), *report and recommendation adopted*, No. 19-5604, 2020 WL 1062296 (E.D. Pa. Mar. 4, 2020); *Dade v. Copozza*, No. 18-3411, 2019 WL 7494947, at *3–4 (E.D. Pa. Nov. 27, 2019) ("In order to develop a nexus between his mental health issues and his inability to file his habeas petition, Dade would have to present evidence of his incompetence during the relevant time period, which is the period of time between when the statute of limitations began to run and the time that Dade filed his habeas petition: June 13, 2012 through August 7, 2018. As he has not presented any information about his mental condition during this time period, he has failed to establish a nexus between his mental health and his untimely filing."), *report and recommendation adopted*, 2020 WL 70816 (E.D. Pa. Jan. 7, 2020); *Harper v. D'Llio*, Civ. A. No. 14-5800, 2014 WL 6611389 at *3 (D.N.J. Nov. 21, 2014) (denying equitable tolling on the basis of Petitioner's mental incompetence citing "complete lack of medical record showing his continuous psychiatric treatment and continuous consumption of mental health medications during the nine-and-a-half-year period at issue").

On these facts, Mitchell has not established that extraordinary circumstances prevented him from filing his habeas petition. *See Wallace v. Mahanoy*, 2 F.4th 133, 148 (3d Cir. 2021) (petitioner who suffered a severe documented mental illness did not face extraordinary circumstances when he was able to file a state PCR petition during a period of comparatively stable mental health).[4]

Moreover, even assuming extraordinary circumstances existed, Mitchell has not demonstrated diligence, as his contention that he was unable to timely file his petition is belied by the passage of 21 years before he filed his PCR petition and 4 additional years between filing his PCR petition and filing his habeas petition. On more restrictive facts, federal courts have rejected a finding of diligence. *See*, *e.g.*, *Schaffer v. Smith*, No. 21-1047, 2022 WL 987889, at *3 (M.D. Pa. Mar. 31, 2022) (where petitioner "posits only that he was 'not required to file his Petition within one year because his diagnos[e]s of autism and schizophrenia caused equitable tolling," and

---

[4] *See also Beyers*, 2021 WL 6845436, at *4 (no extraordinary circumstances where "Beyers has not demonstrated that her mental illness prevented her from filing [state] court documents during the statute of limitations period or the subsequent 10 years of her incarceration before she ultimately filed her federal habeas petition"), *report and recommendation adopted*, 2022 WL 394754; *Brown v. DelBalso*, No. 18-5561, 2019 WL 7573881, at *2 (E.D. Pa. Oct. 24, 2019) (no basis for equitable tolling where, "[a]lthough Brown alleges that he has been institutionalized for mental illness, he was able to file PCRA petitions in 2005, 2012, and 2017. He offers no explanation for why he never filed a federal habeas petition at those times. . . . Brown has provided no extrinsic evidence of an incapacitating impairment, such as a report from medical experts, that kept him from filing his federal habeas petition for almost 20 years") (citation omitted), *report and recommendation adopted*, 2020 WL 134234 (E.D. Pa. Jan. 13, 2020); *McMillian v. Harry*, No. 17-3796, 2019 WL 1356247, at *1 (E.D. Pa. Mar. 25, 2019) ("Petitioner was able to resume filing in [state court in] 2015, but the § 2254 petition was not filed until 2017. In other words, he waited two years before seeking federal habeas relief once he regained his ability to file. Much shorter delays than two years have foreclosed equitable tolling."); *Escobedo v. Borders*, No. 16-186, 2017 WL 3888226, at *5 (C.D. Cal. June 20, 2017) ("[P]etitioner also contends that because of his terminal illness, [AIDS], he has been in and out of the hospital and prison infirmary during the preceding two years. . . . The contention that petitioner's poor health prevented him from filing or pursuing relief during that two year period is belied by the state court record . . . . [E]ven if an extraordinary circumstance existed at all during that two[-]year period, he was able to overcome it in order to file his state habeas petitions in state court"), *report and recommendation adopted*, 2017 WL 3887853 (C.D. Cal. Sept. 5, 2017); *De Los Santos v. Ercole*, No. 07-7569, 2013 WL 1189474, at *6 (S.D.N.Y. Mar. 22, 2013) ("Petitioner also lacks documentation that his mental illness prevented him from acting with reasonable diligence *throughout* the period he seeks to toll. Petitioner's psychological records stop during 2002 and he does not account for the period from 2002 through 2007, years during which he needs to demonstrate that his mental illness prevented him from filing his Petition.") (cleaned up; emphasis in original).

petitioner "waited more than *five years* after his conviction became final to take his first step toward collateral review, the court found that petitioner "proffered no evidence or argument that he acted with reasonable diligence to pursue his rights.") (emphasis in original); *Garcia v. Superintendent, SCI-Huntingdon*, No. 21-5583, 2022 WL 17095389, at *3 (E.D. Pa. Feb. 24, 2022) ("Even if Mr. Garcia filed an alleged second PCRA petition on November 25, 2021, he filed nearly three years after his AEDPA statute of limitations expired. I cannot find reasonable diligence in such egregious untimeliness."), *report and recommendation adopted*, 2022 WL 17095172 (E.D. Pa. Nov. 21, 2022); *Beyers*, 2021 WL 6845436, at *5 (E.D. Pa. Dec. 29, 2021) ("Beyers has failed to demonstrate that she exercised the requisite 'due diligence' to warrant equitably tolling the limitations period. . . . Beyers claims that, by 2017, she had 'experienced years of effective medication and therapies.' At this point, she began to actively engage with the state courts from 2017 through 2020, through numerous pro se case filings and correspondence with the court. However, during this time she did not make any effort to preserve her rights in federal court. . . . Beyers' delay in filing a federal habeas petition undoubtedly precludes equitable tolling.") (citations omitted), *report and recommendation adopted*, No. 21-3393, 2022 WL 394754. Under these circumstances, Mitchell has not demonstrated the requisite level of diligence required for equitable tolling.

For the reasons above, Mitchell has not demonstrated that this case is one of those "rare situation[s]" warranting equitable tolling. *LaCava*, 398 F.3d at 275. Accordingly, his petition is dismissed as untimely.

**IV.     Certificate of Appealability**

An appeal may not be taken from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability stating that "the applicant has made a substantial showing of the denial

of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. The Court will deny a certificate of appealability because jurists of reason would not find it debatable that this petition is untimely.

## V.     CONCLUSION

For the reasons stated above, the State's motion to dismiss (ECF No. 10) is granted, Mitchell's petition (ECF No. 6) is dismissed, and a certificate of appealability is denied. An appropriate Order follows.

Dated: December 20, 2023

*s/Claire C. Cecchi*
HON. CLAIRE C. CECCHI
United States District Judge